United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS A. GONDA,

Plaintiff,

v.

THE PERMANENTE MEDICAL GROUP, INC., THE PERMANENTE MEDICAL GROUP, INC. LONG TERM DISABILITY PLAN FOR PHYSICIANS,

Defendants.

Case No. 11-1363 SC

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

Thomas A. Gonda ("Plaintiff") brings this action for equitable relief and long-term disability benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. The Permanente Medical Group, Inc. Long Term Disability Plan for Physicians (the "Plan") and The Permanente Medical Group, Inc. ("TMPG" or the "Plan administrator") (collectively, "Defendants") now move for partial summary judgment. ECF No. 39 ("MSJ"). Specifically, Defendants seek an order establishing that the abuse of discretion standard should be used to determine Plaintiff's entitlement to Plan benefits. Plaintiff opposes the

motion, arguing that the Court should apply the de novo standard of judicial review. ECF No. 38 ("Opp'n").[1] The motion is fully briefed, ECF No. 39 ("Reply"), and appropriate for determination without oral argument per Civil Local Rule 7-1(b). For the reasons set forth below, the Court DENIES the motion and finds that de novo review is the appropriate standard.

## II. BACKGROUND

The case concerns an ERISA Plan administered by TPMG and insured by a group disability policy issued by The Life Insurance Company of North America ("LINA"). ECF No. 35 ("Downey Decl.") Ex. A. The effective date of the Policy is November 1, 1998, and the Policy's anniversary date is January 1. The Policy grants LINA discretionary authority to make claims decisions. Id. at 1802.

Plaintiff is a former cardio-thoracic surgeon with TPMG. He left work in December 2006 and applied for benefits under the Plan sometime thereafter. Defendants paid Plan benefits to Plaintiff from 2008 until October 2010, when Defendants notified Plaintiff that they were terminating his monthly benefits. Plaintiff appealed that decision. LINA denied his appeal on May 13, 2013.

Prior to the disposition of Plaintiff's administrative appeal, in March 2011, Plaintiff filed this action against the Plan and

[1] Plaintiff's opposition brief is procedurally defective. It was filed one day after the deadline set forth in Civil Local Rules. Further, Plaintiff has styled the opposition as a cross-motion, even though he has yet to notice such a motion and, to the extent that he has, his notice was not filed within thirty-five days of the scheduled hearing date, as required by Civil Local Rule 7-2(a). Nevertheless, in the interests of justice and judicial economy, the Court considers the arguments raised in Plaintiff's opposition brief, including Plaintiff's argument that the Court should apply a de novo standard of review.

United States District Court
For the Northern District of California

TPMG, in its capacity as Plan administrator. Plaintiff asserts claims for benefits under the Plan, breach of fiduciary duties, and statutory penalties.

## III. LEGAL STANDARD

Entry of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be granted if the evidence would require a directed verdict for the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986). "A moving party without the ultimate burden of persuasion at trial -- usually, but not always, a defendant -- has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

"In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id. "In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." Id.

## IV. DISCUSSION

Defendants now move for a determination that their decision on Plaintiff's claim should be reviewed under the abuse of discretion

standard. Plaintiff argues that the decision should be reviewed de novo. "If an insurance contract has a discretionary clause, the decisions of the insurance company are reviewed under an abuse of discretion standard. Absent a discretionary clause, review is de novo." Standard Ins. Co. v. Morrison, 584 F.3d 837, 840 (9th Cir. 2009). The starting point for determining the standard of review is the wording of the ERISA plan. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006), abrogated on other grounds by Metro. Life Ins. Co. v. Glenn, 554 U.S. 105 (2008).

Defendants argue that the abuse of discretion standard applies here because the Policy grants LINA the discretion to interpret the terms of the Plan documents, to decide questions of eligibility for coverage, and to make any related findings of fact. MSJ at 2. Plaintiff responds that the de novo standard applies because any grant of discretionary authority contained in the Plan or the Policy was rendered void by California Insurance Code section 10110.6.

Section 10110.6 provides in relevant part:

> (a) If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable.
>
> (b) For purposes of this section, "renewed" means continued in force on or after the policy's anniversary date.

> (c) For purposes of this section, the term "discretionary authority" means a policy provision that has the effect of conferring discretion on an insurer or other claim administrator to determine entitlement to benefits or interpret policy language that, in turn, could lead to a deferential standard of review by any reviewing court.
>
> . . . .
>
> (g) This section is self-executing. If a life insurance or disability insurance policy, contract, certificate, or agreement contains a provision rendered void and unenforceable by this section, the parties to the policy, contract, certificate, or agreement and the courts shall treat that provision as void and unenforceable.

The effective date of the statute is January 1, 2012. Thus, any policies offered, issued, delivered, or renewed after that date are void to the extent that they grant discretionary authority to insurers or their agents. The pertinent issues here are: (1) whether Plaintiff's claim accrued after the statute's effective date, and, if so, (2) whether the policy was renewed after the statute's effective date, but before Plaintiff's claim accrued.

The Ninth Circuit provided a framework for addressing the first issue in Grosz-Salomon v. Paul Revere Life Insurance, 237 F.3d 1154 (9th Cir. 2001). In that case, the court held that an ERISA cause of action based on a denial of ERISA benefits accrues at the time benefits are denied. Id. at 1160-61. The court reasoned that an employee's rights under an ERISA plan do not vest when the employee files a claim, since the insurer may unilaterally change its long-term disability plan. Thus, for the purposes of this action, Plaintiff's ERISA claim accrued on May 13, 2013, when LINA denied his final appeal, over a year after section 10110.6's January 1, 2012 effective date.

United States District Court
For the Northern District of California

As to the second issue, Defendants argue that the Policy was not offered, issued, delivered, or renewed after section 10110.6's effective date, and therefore the statute does not void the Policy's grant of discretion to LINA. The effective date of the Policy is November 1, 1998, and the Policy's anniversary date is January 1. Downey Decl. Ex. A. The Policy was reissued on January 1, 2005 and again on January 1, 2009. Id. Exs. A, B. The Policy has also been amended eleven times since 1998. Id. Ex. C. Defendants argue that, at the time Plaintiff's claim accrued in May 2013, the controlling version of the Policy was the one reissued on January 1, 2005, several years before section 10110.6 took effect. Reply at 3. Defendants reason that each subsequent reissue and amendment of the Policy expressly applied only to insured employees in active service on the date of the reissue or amendment, and that Plaintiff left active service when he went on disability in December 2006. Id.

Defendants' focus on the reissue of the Policy in 2009 and the post-1998 Policy amendments is misplaced, since by operation of law, the Policy automatically renews every year. For the purposes of section 10110.6, "'renewed' means continued in force on or after the policy's anniversary date." Cal. Ins. Code § 10110.6(b). Thus, the Policy renews as to Plaintiff every year on the Policy's January 1 anniversary date. As the Policy renewed after section 10110.6 took effect on January 1, 2012 and before the final denial of Plaintiff's disability claim on May 13, 2013, the statute's provisions must be read into the Policy. Accordingly, the Court finds that any provision in the Policy that attempts to confer discretionary authority to Defendants or LINA is void and

United States District Court
For the Northern District of California

unenforceable.[2]

Defendants argue that the Court should apply the abuse of discretion standard even if the Policy's grant of discretionary authority is void and unenforceable. Reply at 6. Defendants point out that, in 2003, the Plan executed an "Appointment of Claim Fiduciary" ("ACF"), appointing LINA as the claim fiduciary and granting LINA discretionary authority "to interpret the terms of the Plan, including the Policies; to decide questions of eligibility for coverage or benefits under the Plan; and to make any related findings of fact." Downey Decl. Ex. E. Defendants reason that section 10110.6 does not disturb this grant of discretionary authority since section 10110.6(g) only applies to "polic[ies], contract[s], certificate[s], or agreement[s] . . . that provide[] or fund[] life insurance or disability coverage . . .," and the ACF is none of these things. Similarly, Defendants argue that the Summary Plan Description ("SPD") in effect in 2013 contained a grant of discretion that cannot be voided by section 10110.6, reasoning that the SPD is not an insurance policy, contract, certificate or agreement. Reply at 9.

Defendants' theory is novel but wholly unpersuasive. Defendants have cited no authority suggesting that an ERISA plan document may contain enforceable provisions that are contrary to

[2] Faced with substantially similar facts, Judge Illston reached the same conclusion in Polnicky v. Liberty Life Assurance Co. of Boston, C 13-1478 SI, 2013 WL 6071997 (N.D. Cal. Nov. 18, 2013). Defendants argue that Polnicky is distinguishable since the policy documents in that case did not provide that the insured was not covered by subsequent amendments or reissued versions of the policy. Reply at 5. However, Judge Illston, like the undersigned, was primarily concerned with the automatic annual renewal of the policy. Id. at *3-4 ("[T]he discretionary authority provision of the Policy in this case was altered on the Policy's January 1, 2012 anniversary date, prior to the denial of plaintiff's claim.").

the terms of the ERISA plan. The ACF merely delegated the discretionary authority that was established by the Policy. Once section 10110.6 voided the Policy's grant of discretionary authority, it also voided any delegation of that authority made pursuant to the Policy. Likewise, Defendants' SPD argument rests on the untenable assumption that a description of the Plan somehow trumps the terms of the Plan itself. Under Defendants' logic, section 10110.6 is practically meaningless: ERISA plans could grant discretionary authority to determine eligibility under an insurance policy, so long as the grants were set forth somewhere other than in the insurance policy. That is clearly not the law.

Defendants also contend that, to the extent that section 10110.6 does affect the ACF and SPD, it is preempted by ERISA. Reply at 8. Under 29 U.S.C. § 1144(a), ERISA "supersede[s] any and all State law insofar as they may now or hereafter relate to any employee benefit plan." However, § 1144(b) saves from preemption "any law of any State which regulates insurance, banking, or securities." Defendants argue that the ACF and SPD are ERISA plan documents, but not insurance policies, and therefore any state law that purports to regulate them cannot be saved from preemption. Id.

The Court disagrees. To fall under the savings clause, a state law (1) "must be specifically directed toward entities engaged in insurance," and (2) "must substantially affect the risk pooling arrangement between the insurer and the insured." Morrison, 584 F.3d at 842 (internal quotations omitted). The Ninth Circuit has already held that state laws regulating discretionary clauses in insurance policies fall under the savings clause. Id.

United States District Court
For the Northern District of California

The Court sees no reason why the result should differ when a state law is directed toward a discretionary clause contained in an agreement or another document relating to the administration of an insurance policy.

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion for partial summary judgment and finds that the appropriate standard of review is de novo.

IT IS SO ORDERED.

January 16, 2014

UNITED STATES DISTRICT JUDGE