IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. GONDA, | ) Case No. 11-1363 SC |
| Plaintiff, | ) ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER |
| v. | ) |
| THE PERMANENTE MEDICAL GROUP, INC., THE PERMANENTE MEDICAL GROUP, INC. LONG TERM DISABILITY PLAN FOR PHYSICIANS, | ) |
| Defendants. | ) |

## I.   INTRODUCTION

Now before the Court is a motion for a protective order by Defendants The Permanente Medical Group, Inc. ("TPMG") and The Permanente Medical Group, Inc. Long Term Disability Plan For Physicians (the "Plan") (collectively, "Defendants"). ECF No. 45 ("Mot."). The issue presented by the motion concerns the limits of discovery in an Employee Retirement Income Security Act ("ERISA") action where the Court has adopted a de novo standard of review. The motion is fully briefed, ECF No. 45 ("Opp'n"), 50 ("Reply"), and appropriate for resolution without oral argument per Civil Local Rule 7-1(b). For the reasons set forth below, the Motion is

GRANTED in part and DENIED in part.

## II. BACKGROUND

This case concerns a claim for long-term disability benefits under an employee welfare benefit plan governed by ERISA. Plaintiff Thomas A. Gonda ("Plaintiff") is a former cardio-thoracic surgeon with TPMG. He left work in December 2006 and, sometime thereafter, applied for benefits under an ERISA plan sponsored by TPMG. Benefits under the Plan are insured by a group insurance policy issued by Life Insurance Company of North America ("LINA"), which is not a party to this action.

Plaintiff initially received benefits through the Plan, but LINA terminated Plaintiff's benefits on October 11, 2010. Plaintiff appealed, but LINA ultimately affirmed its termination decision. LINA's appeal decision was based, at least in part, on a peer medical review conducted by Michael R. Villanueva, Psy.D, a physician LINA retained through PsyBar, LLC ("PsyBar"), a specialty provider of independent medical evaluations.

Plaintiff filed a second appeal and, in support, submitted a report by Thomas B. Lewis, MD disputing Dr. Villanueva's findings. Plaintiff contends that Dr. Lewis's observations call into question the reliability of Dr. Villanueva's report, as well as Dr. Villanueva's qualifications and impartiality. Opp'n at 3. Plaintiff argues that the purported deficiencies in Dr. Villanueva's report also raise concerns that PsyBar has an institutional bias. Id.

In a January 16, 2014 Order, the Court held that the de novo standard of review would be used to determine Plaintiff's

entitlement to benefits under the Plan. ECF No. 44 ("Jan. 16 Order"). A few days later, Plaintiff noticed the depositions of PsyBar and LINA pursuant to Federal Rule of Civil Procedure 30(b)(6).[1] The PsyBar notice seeks: (1) information and documents pertaining to Plaintiff's claims and (2) information concerning other benefit claims reviewed by Dr. Villanueva. The LINA notice seeks information concerning (1) Plaintiff's claim, (2) Plan documents, (3) & (4) LINA's internal guidelines and procedures and recent changes to those guidelines and procedures; (5) & (6) PsyBar and Dr. Villanueva, (7) statistical information concerning claims reviewed by LINA from 2005 through 2013, (8) LINA's procedures for evaluating claims related to traumatic brain injury, (9) claims reserves, and (10) the performance evaluations of medical professionals involved with Plaintiff's claim.

Defendants now move for a protective order.

**III. DISCUSSION**

    **A.    ERISA Standard of Review**

An administrator's denial of ERISA benefits is reviewed under either a de novo or abuse of discretion standard. For the reasons set forth in the Court's January 16 Order, Plaintiff's claim will be reviewed de novo. Under de novo review, "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits." Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006).

---

[1] Under Rule 30(b)(6), a party may name an organization as a deponent. The named organization must then designate an officer, director, or managing agent to testify about information known or reasonably available to the organization.

3

In an attempt to further ERISA's policy of keeping proceedings inexpensive and expeditious, the Ninth Circuit has placed significant restrictions on district courts' ability to consider evidence outside the administrative record. See Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan, 46 F.3d 938, 943 (9th Cir. 1995). A district court may exercise its discretion to look beyond the administrative record on de novo review, but only where circumstances "clearly establish" that additional evidence is necessary to conduct an adequate de novo review of the benefits decision. Id.; Opeta v. Nw. Airlines Pension Plan for Contract Employees, 484 F.3d 1211, 1217 (9th Cir. 2007).

In Opeta, the Ninth Circuit cited a non-exhaustive list of circumstances in which looking outside the administrative record may be necessary on de novo review:

> claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

484 F.3d at 1217 (quoting Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017 at 1027 (4th Cir. 1993)).

**B. Scope of Discovery in De Novo Actions**

Defendants argue that since Mongeluzo and Opeta limit the scope of evidence that may be considered by the Court on de novo review, the Court should also limit discovery. Plaintiff responds

4

that there is no principled basis for placing limits on discovery in ERISA cases.

The Court agrees with Defendants. It makes little sense to allow broad and costly discovery when the court's review of the merits is limited to the administrative record (except in narrow circumstances where additional evidence is necessary to conduct an adequate de novo review). In many ERISA cases, discovery is not only irrelevant, it also undermines ERISA's goal of facilitating quick and inexpensive proceedings. Accordingly, the undersigned agrees with other judges in this District that "a bare showing of relevance adequate under [Federal Rule of Civil Procedure] 26 is not sufficient" to justify discovery in a de novo review of an ERISA claims decision. Brice v. Life Ins. Co. of N. Am., C 10-04204 JSW, 2011 WL 2837745, at *3 (N.D. Cal. July 18, 2011) (quoting Knopp v. Life Ins. Co. of N. Am., C-09-0452 CRB (EMC), 2009 WL 5215395, at *3 (N.D. Cal. Dec. 28, 2009)).

Plaintiff also appears to contend that discovery concerning an insurer's conflict of interest is always permissible on de novo review. It is true that an administrator's conflict of interest should be considered as a factor when considering whether it abused its discretion in denying a claim. Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 108 (2008). But in this case, the Court has determined that it will review Plaintiff's denial of benefits de novo, not for an abuse of discretion.

As Plaintiff points out, some courts have held that discovery regarding an insurer's conflicts is also appropriate on de novo review in certain limited circumstances. For example, in Waggener v. Unum Life Insurance, 238 F. Supp. 2d 1179, 1185 (S.D. Cal.

5

1  2002), the court held that if the plaintiff could demonstrate that
2  his insurer was functioning under a conflict of interest, it might
3  allow the plaintiff to introduce evidence outside the record "with
4  regard to the disability issue."  Waggener relied in part on Hall
5  v. UNUM Life Insurance Co., where the Tenth Circuit found that an
6  alleged conflict of interest did not warrant the introduction of
7  extra-record evidence, reasoning there was no showing of the manner
8  or extent to which the conflict of interest affected the insurer's
9  decision making process or how the additional evidence would
10 address any shortcomings in the record or decision making process
11 caused by the conflict.  300 F. 3d 1197, 1205-06 (10th Cir. 2002)
12 (citing Quesinberry, 987 F.2d at 1027).

13    Waggener and Hall stand for the proposition that an
14 administrator or insurer's conflict of interest is relevant to what
15 evidence, if any, district courts should consider outside of the
16 administrative record.  See Waggener, 238 F. Supp. 2d at 1182.
17 However, these cases do not support the principle that discovery on
18 an insurer's purported conflict of interest is always permissible
19 or that a conflict of interest has any direct bearing on the merits
20 analysis in a de novo review.[2]

21    **C. Analysis**

22    With these principals in mind, the Court reviews each of the
23 matters of examination ("MOE") listed in Plaintiff's deposition
24 notices.
25 ///

---

[2] Plaintiff argues that courts in this Circuit have erred in placing artificial limits on discovery in ERISA actions.  Opp'n at 12-18.  The Court declines to depart from controlling and persuasive authority on this issue.

**PsyBar MOE No. 1/LINA MOE No. 1:**

All information, documents, and communications pertaining to Dr. Gonda's claim for disability benefits under the Plan, including but not limited to all communications between or among the deponent and any reviewing physicians or other medical professional.

The information sought through this MOE should already be in the administrative record.  Plaintiff argues that he should have the right to determine whether the administrative record is complete.  The Court agrees, but sees no reason for a deposition on the issue.  LINA and PsyBar are hereby ordered to produce any information in their possession, custody, or control specific to Plaintiff's claim.  Plaintiff may then review this information to determine whether it was included in the administrative record.

**PsyBar MOE No. 2**

All documents and information in PsyBar's custody, possession or control pertaining to Michael R. Villanueva, Psy.D., including but not limited to the following:

a.   For each year from 2005 through 2013, the number of benefit claims in which Dr. Villanueva performed professional services;

b.   Information sufficient to identify each of the benefit claims referenced in subparagraph 2a;

c.   For each year from 2005 through 2013, the amount of compensation paid to Dr. Villanueva for professional services in the evaluation of disability benefits claims.

d.   All documents and information considered by PsyBar in the selection of Michael R. Villanueva to review Dr. Gonda's benefits claim or any facts or medical records pertaining to Dr. Gonda's claim.

Defendants argue that the Court rejected a similar request in Rowell.  Mot. at 10.  Not so.  In Rowell, the Court prohibited the

plaintiff from seeking discovery on structural or other incentives that may have affected the insurer's denial of benefits, but allowed discovery pertaining to "potential conflict of interest or bias on the part of the physician reviewers hired by [the insurer]." 2012 WL 440742, at *2-3. MOE 2 directly relates to the credibility of Defendants' reviewing physician, Dr. Villanueva. Such information is relevant to the Court's de novo review of Plaintiff's claim. See Opeta, 484 F.3d at 1217

The other arguments raised by Defendants on reply are also unavailing. Defendants contend that additional information on Dr. Villanueva's credibility is unnecessary because the Court already has the report of Dr. Lewis. Reply at 4. However, the information sought by Plaintiff may be helpful in comparing the reports of the two doctors. Defendants further argue that the Court need only conduct a Lexis or Westlaw search to assess Dr. Villanueva's track record, id., but there is no indication that such a search would produce a comprehensive record of Dr. Villanueva's work on behalf of insurers. Finally, Defendants argue that Plaintiff has failed to establish any bias on the part of PsyBar or Dr. Villanueva sufficient to warrant the proposed deposition, but it is unclear how Plaintiff can establish such bias without further discovery.

Accordingly, Defendants' motion for a protective order on this MOE is DENIED.

### LINA MOE No. 2

> All documents that are or have been part of the Plan at any time from 2002 through the present, or that have governed the administration or interpretation of the Plan terms at any time from 2002 through the present.

8

1    Defendants argue that LINA is unlikely to have any
2 information on this issue that has not already been produced,
3 since LINA is not the Plan or the Plan administrator.  Mot. at 12.
4 Plaintiff responds that if everything pertinent to this request
5 has already been produced, then discovery on the issue should be
6 perfunctory.  Opp'n at 10.  But a Rule 30(b)(6) deposition is
7 hardly perfunctory, and Plaintiff has offered nothing to suggest
8 that LINA possesses Plan documents that were not already in the
9 possession of Defendants, the Plan and the Plan administrator.
10 Accordingly, Defendants' motion for a protective order on this MOE
11 is GRANTED.

### LINA MOE Nos. 3 & 4

> LINA's internal requirements, processes, guidelines and procedures for investigation, evaluation and determination of group long term disability benefits claims
>
> Changes made at any time from 2005 to the present in LINA's internal requirements, processes and procedures for the investigation, evaluation and determination of group long term disability benefits claims.

19   The Court also fails to see the relevance of these discovery
20 requests.  As this case will be reviewed de novo, the Court must
21 determine whether Defendants' denial of Plaintiff's claim was
22 proper, not how Defendant reached that decision.  Plaintiff argues
23 that the relevance of these materials is established by 29 C.F.R.
24 § 2560.503-1(h)(2)(iii), (m)(8)(iv).  Opp'n at 11.  However, these
25 regulations "set forth requirements for a 'plan,' and are not
26 applicable to third-party claims administrators such as [LINA]."
27 Abdullah v. AccentCare Long Term Disability Plan, C-09-02909 MMC,
28 2012 WL 4112291, at *8 (N.D. Cal. Sept. 19, 2012).  Defendants'

motion for a protective order on this MOE is GRANTED.

## LINA MOE Nos. 5 & 6

> All documents and information in LINA's custody, possession or control pertaining to Michael R. Villanueva, PsyD. and/or PsyBar.
>
> All documents considered by LINA in the selection of Michael R. Villanueva to review Dr. Gonda's benefits claim or any facts or medical records pertaining to Dr. Gonda.

While Plaintiff may seek discovery related to Dr. Villanueva's credibility, the Court finds that this request is overbroad.  Plaintiff, however, may seek discovery concerning information considered by LINA in selecting PsyBar in connection with Plaintiff's claim and LINA's role, if any, in the selection of Dr. Villanueva.  Plaintiff may also seek discovery of any medical records pertaining to his claim that have not already been produced.

## LINA MOE No. 7

> a.  For each year from 2005 through 2013, the number of benefit claims under the Plan evaluated by LINA;
>
> b.  For each year from 2005 through 2013, the number of benefits claims under the Plan in which benefits were denied or terminated by LINA in whole or in part, at any time;
>
> c.  With respect to each claim referred in paragraph 7.b, the identity of the medical professional(s) who reviewed the medical information of the claimant;
>
> d.  With respect to each medical professional referred in paragraph 7.c., the amount of compensation paid by LINA for the services of such medical professional in each year from 2004 through 2013.

MOE Nos. 7a and 7b appear to go to whether LINA is biased or has some kind of conflict of interest. As discussed in section III.B., insurer conflicts may be relevant to whether the Court should consider evidence outside the administrative record as part of its de novo review. However, since Defendants' claims decision is not entitled to any deference, such conflicts are irrelevant with respect to the Court's consideration of the merits. The pertinent inquiry is whether the denial of benefits was proper.

Here, Plaintiff has yet to enunciate why the information requested through MOE No. 7 is necessary for an adequate de novo review or how he would seek to supplement the record if a conflict were discovered. The Court declines to adopt Plaintiff's position that discovery on an insurer's conflict of interest is appropriate in any de novo case, even if there is no indication why that information is necessary for an adequate de novo review. The Court also agrees with Defendants that MOE Nos. 7c and 7d are far too broad and have little relevance to the instant action. Accordingly, Defendants' motion for a protective order is GRANTED with respect to these topics.[3]

### LINA MOE No. 8

> All documents and information in LINA's custody, possession or control pertaining to the evaluation of traumatic brain injury

This request is barred for much the same reason as MOE Nos. 2 and 3 in the LINA notice. LINA's process for handling and

---

[3] Moreover, LINA's purported conflict of interest has little to no bearing on whether Plaintiff can introduce extra-record evidence concerning the credibility of Dr. Villanueva and other physicians retained by Defendants to review Plaintiff's claim.

11

evaluating claims has no bearing on the Court's de novo review since the only pertinent question is whether the denial of benefits was proper. Accordingly, Defendants' motion for a protective order is GRANTED with respect to this topic.

### LINA MOE No. 9

> The determination of any claims reserves calculated by LINA at any time from the date of the submission of Dr. Gonda's disability benefits claim to the present.

Plaintiff argues that this topic is relevant to show that "there is bias afoot." Opp'n at 11. However, once again, he has failed to show how a bias determination would ultimately affect the Court's de novo review. To the extent that Plaintiff can show a conflict, he could possibly establish the necessity of introducing additional extra-record evidence on the issue of whether he is disabled under the terms of Plan, but he has yet to identify what that extra-record evidence is or why it is necessary. Moreover, the cases Plaintiff cites in support of his argument that reserves are relevant to an insurer's decision to deny benefits were decided under an abuse of discretion standard. See McCurdy v. Metro. Life Ins. Co., S05-0634 WBSEFB, 2007 WL 915177, at *1 (E.D. Cal. Mar. 23, 2007); Sterio v. Highmark Life Ins. Co., CIV-S-06-1045MCEGGH, 2007 WL 1650929, at *1 (E.D. Cal. June 5, 2007). Accordingly, Defendants' motion for a protective order is GRANTED with respect to this topic.

### LINA MOE No. 10

> Performance evaluations of Penny Cong, M.D., and any other medical professionals who were involved in the evaluation of Dr. Gonda's claim, pertaining to any

12

1 period of time that includes January 1, 2005 to the present.

2 The Court finds that this topic is better handled through a
3 document request than a deposition.  Thus, the Court bars Plaintiff
4 from taking a deposition on the issue.  However, Plaintiff may
5 submit a document request to LINA on this issue pursuant to Federal
6 Rule of Civil Procedure 34(c).

7

8 **IV.   CONCLUSION**

9      For the reasons set forth above, Defendants' motion for a
10 protective order is GRANTED in part and DENIED in part.  With
11 respect to MOE No. 1 in the LINA and PsyBar notices, LINA and
12 PsyBar are ordered to produce any documents directly related to
13 Plaintiff's ERISA claim.  Defendants' motion for a protective order
14 is GRANTED with respect to MOE Nos. 2-4 and 7-9 in the LINA
15 deposition notice.  Defendants' motion for a protective order is
16 DENIED with respect to MOE No. 2 in the PsyBar notice.  With
17 respect to MOE Nos. 5 and 6 in the LINA notice, Plaintiff may seek
18 discovery concerning information considered by LINA in selecting
19 PsyBar in connection with Plaintiff's claim and LINA's role, if
20 any, in the selection of Dr. Villanueva, as well as any medical
21 records pertaining to Plaintiff's claim that have not already been
22 produced.  As to MOE 10, Plaintiff may take written discovery on
23 the issue, but not a deposition.

24

25      IT IS SO ORDERED.

26

27      April 1, 2014                          _____
28                                         UNITED STATES DISTRICT JUDGE