IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. GONDA, JR., M.D., | Case No. 13-cv-01063-SC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO FILE UNDER SEAL |
| v. | |
| THE PERMANENTE MEDICAL GROUP, INC.; and THE PERMANENTE MEDICAL GROUP, INC. LONG TERM DISABILITY PLAN FOR PHYSICIANS, | |
| Defendants. | |

   Now before the Court is Defendants' motion to file under seal a copy of the Final Separation Agreement and General Mutual Release of Claims (the "Release") between Plaintiff Thomas A. Gonda, Jr., M.D., Defendant The Permanente Medical Group, Inc., and non-party Kaiser Foundation Hospitals.  ECF No. 64.  Defendants seek to file the entire Release under seal, with no portion of the Release in the public record.  Defendants also request to file under seal an unredacted copy of their motion for summary judgment, because it will cite to sealable portions of the Release.  In accordance with Civil Local Rule 79-5(e)(4), Plaintiff has filed a declaration in support of Defendants' motion.

"A party seeking to seal a judicial record bears the burden of overcoming" the "strong presumption in favor of access" to court records. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The Civil Local Rules in this District reflect that presumption, requiring that requests to file under seal "must be narrowly tailored to seek sealing only of sealable material . . . ." Civ. L.R. 79-5(b).

The parties seek to seal the entire Release, but they provide justifications only for sealing the redacted portions, which are the various amounts paid pursuant to the settlement. Both parties have good reasons for sealing those numbers. Defendants argue that other plaintiffs in employment disputes with them might "use the confidential payment information contained in the Release as unfair leverage in negotiating future settlements." ECF No. 64 at 5. Plaintiff asserts that the Release contains "private financial and (by implication) medical information of Dr. Gonda." The Court agrees and GRANTS Defendants' motion with respect to the redacted dollar amounts in the Release.

However, neither party has provided a justification for sealing the rest of the Release. The law requires that a party seeking to seal a judicial record meet the "compelling reasons" standard. That standard requires the party to "articulate[] compelling reasons supported by specific factual findings." Kamakana, 447 F.3d at 1178. Perhaps recognizing their failure to provide the required compelling reasons, Defendants moved in the alternative to file a complete unredacted version of the Release under seal and a redacted copy in the public record. The Court finds that this latter approach is appropriate given the legitimate

concerns the parties have with publicly revealing the dollar amounts involved in the settlement and the lack of compelling reasons for sealing the entire document.

Defendants' motion is therefore GRANTED IN PART and DENIED IN PART. In accordance with Civil Local Rule 79-5(f)(3), Defendants shall file a copy of the Release with the redactions already identified (see ECF No. 64-4) in the public record within seven (7) days of the signature date of this Order.

IT IS SO ORDERED.

Dated: October 31, 2014

UNITED STATES DISTRICT JUDGE