IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS A.GONDA, JR., M.D.,  ) Case No. 13-cv-01063-SC
                            )
      Plaintiff,            ) ORDER REQUESTING SUPPLEMENTAL
                            ) <u>BRIEFING</u>
  v.                        )
                            )
THE PERMANENTE MEDICAL GROUP,)
INC.; and THE PERMANENTE MEDICAL)
GROUP, INC. LONG TERM DISABILITY)
PLAN FOR PHYSICIANS,        )
                            )
      Defendants.           )
                            )
                            )
_____)

    Now before the Court is Defendants The Permanente Medical Group, Inc. ("TPMG") and The Permanent Medical Group, Inc. Long Term Disability Plan for Physicians' ("TMPG Plan") motion for summary judgment. Plaintiff Thomas A. Gonda, Jr. has opposed, ECF No. 71 ("Opp'n"), and Defendants have replied, ECF No. 80 ("Reply"). At issue is whether a settlement agreement that Dr. Gonda and TPMG signed in November 2011 (the "Settlement Agreement") releases (and therefore bars) Dr. Gonda's claims in this action.

    Dr. Gonda argues that the Settlement Agreement does not bar his claims because (among other reasons) Defendants failed to plead

1  settlement and release as an affirmative defense in their answer.
2  Indeed, "[s]ettlement and release is an affirmative defense and is
3  generally waived if not asserted in the answer to a complaint."  In
4  re Cellular 101, Inc., 539 F.3d 1150, 1155 (9th Cir. 2008).
5  Defendants retort that they included the affirmative defense of
6  waiver, which they intended to apply to the Settlement Agreement.
7  See Reply at 2-5; ECF No. 12 ("Answer") ¶ 32.  The parties differ
8  as to whether the appropriate defense to assert is waiver or
9  settlement and release, but the point is moot.  The affirmative
10 defense listed in the answer, however phrased, cannot possibly have
11 been intended to refer to the Settlement Agreement because
12 Defendants answered Dr. Gonda's complaint on June 16, 2011, but the
13 Settlement Agreement was not executed until November 29.  See
14 Answer; ECF No. 67-1 ("Higbee Decl.") Ex. D.  Therefore, Dr. Gonda
15 is correct that Defendants have failed to adequately plead an
16 affirmative defense related to the Settlement Agreement.

17      The Court therefore finds that Defendants must amend their
18 answer to add an affirmative defense related to the Settlement
19 Agreement if they wish to argue that the Settlement Agreement
20 invalidates Dr. Gonda's claims.  Courts have permitted similar
21 amendments in other instances.  See, e.g., Havoco of Am., Ltd. v.
22 Hilco, Inc., 750 F. Supp. 946, 957-58 (N.D. Ill. 1990) (permitting
23 defendants to amend answer to add affirmative defense of release
24 because defendants did not previously have knowledge of the
25 release), aff'd sub nom. Havoco of Am., Ltd. v. Sumitomo Corp. of
26 Am., 971 F.2d 1332 (7th Cir. 1992).

27      In this case, Defendants need leave of the Court to amend
28 their answer.  See Fed. R. Civ. P. 15(a)(2) (leave of court or

other party's written consent required to amend a pleading more than 21 days after filing it).  Indeed, Defendants requested leave to amend were the Court to decide amendment is necessary.  Reply at 5. However, Defendants' treatment of the issue of amendment is brief, and Dr. Gonda has not had an opportunity to be heard on the issue of amendment at all.  "The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but at least one district court has held that a two-month delay in filing for leave to amend a complaint to add affirmative defenses rendered the motion untimely.  Toth v. Glazer, 163 F.R.D. 549, 549-50 (E.D. Wis. 1995); but see Havoco, 971 F.2d at 958 (suggesting that eight month delay in moving for leave to amend answer might not warrant denial).  Here, almost three years passed between execution of the Settlement Agreement and Defendants' motion.[1]

    Also confusing is what happened (or, rather, what did not happen) in the aftermath of the execution of the Settlement Agreement.  If the parties intended the Settlement Agreement to resolve this lawsuit, they presumably would have stipulated to dismiss this action in 2011.  It is possible, of course, that the parties' understandings of the Settlement Agreement differed, or that Dr. Gonda agreed to dismiss this lawsuit and then reneged.  If either of those possibilities were the case, then Defendants presumably would have moved to amend their complaint in a timelier manner.

---

[1] The Court notes that this case was stayed on September 9, 2011 pending Dr. Gonda's administrative appeals.  ECF No. 19.  However, the parties began litigating this case again during the summer of 2013, and Defendants did not raise the issue of the Settlement Agreement until almost a year and a half later.

    Thus the Court finds it necessary to request additional briefing on this issue. Defendants are hereby ORDERED to submit to the Court a supplemental brief of not more than ten (10) pages (1) explaining the delay in raising this issue and (2) establishing that justice requires the Court to grant them leave to amend their answer.  Defendants shall submit their brief within fourteen (14) days of the signature date of this Order.  Dr. Gonda may submit a supplemental brief on these issues of not more than ten (10) pages within ten (10) days of Defendants' submission.

    IT IS SO ORDERED.

    Dated: January 6, 2015

UNITED STATES DISTRICT JUDGE