**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS A.GONDA, JR., M.D.,          )  Case No. 11-cv-01363-SC
                                    )
            Plaintiff,              )  ORDER GRANTING LEAVE TO AMEND
                                    )
      v.                            )
                                    )
THE PERMANENTE MEDICAL GROUP,       )
INC.; and THE PERMANENTE MEDICAL    )
GROUP, INC. LONG TERM DISABILITY    )
PLAN FOR PHYSICIANS,                )
                                    )
            Defendants.             )
                                    )
                                    )
                                    )
_____)

I. **INTRODUCTION**

Now before the Court is Defendants The Permanente Medical Group, Inc. ("TPMG") and The Permanent Medical Group, Inc. Long Term Disability Plan for Physicians' ("TMPG Plan") motion for summary judgment. ECF No. 67. That motion is premised on the argument that a settlement agreement (the "Settlement Agreement") between Plaintiff Dr. Thomas A. Gonda, Jr., M.D. and TPMG releases all of Dr. Gonda's claims in this action. The Court has previously held that Defendants must amend their answer if they wish to raise release as an affirmative defense, and the Court ordered

United States District Court
For the Northern District of California

supplemental briefing as to whether Defendants should be permitted to amend their answer.  See ECF No. 84 ("Supp. Br. Order").  Both Defendants and Dr. Gonda timely filed briefs on the issue.  See ECF Nos. 85, 91.  For the reasons set forth below, the Court finds that Defendants should be permitted to amend their answer to add the relevant affirmative defense.

## II.  LEGAL STANDARD

Federal Rule of Procedure 15(a) permits a party to amend its pleading once as a matter of course within 21 days of serving it. Rule 15 allows amendments beyond the 21-day period only with the opposing party's consent or the court's leave, and the rule instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "The purpose of pleadings is 'to facilitate a proper decision on the merits,' and not to erect formal and burdensome impediments in the litigation process. Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973) (internal quotations and citations omitted).  The Ninth Circuit has identified "several factors" used to determine whether leave to amend should be granted.  "These criteria include undue delay, bad faith, futility of amendment, and prejudice to the opposing party. While all these factors are relevant, the crucial factor is the resulting prejudice to the opposing party."  Id.
///
///
///

**United States District Court**
For the Northern District of California

## III.  **DISCUSSION**

### A.    **Undue Delay**

This action was filed in March of 2011.  Defendants answered Dr. Gonda's complaint on June 16.  They could not have raised the Settlement Agreement as a defense at that time, because the Settlement Agreement had not yet been executed.  When the Settlement Agreement was executed in November of 2011, this case was stayed pending the outcome of Dr. Gonda's arbitration proceedings against Defendants, and then the stay was continued during his administrative appeals.  See ECF Nos. 19 ("Stay Order"); 21.  Defendants argue that "it would have been improper" to move for leave to amend at that time.  That is correct, but the parties could have moved to lift the stay and dismiss the case, given that they had apparently agreed to release this lawsuit.

Regardless, on May 20, 2013, Dr. Gonda reported that his administrative appeals had been exhausted and requested a case management conference.  See ECF No. 24.  On May 30, the Clerk set a case management conference on the Court's calendar.  See ECF No. 25.  Once the case was restored to the Court's calendar, Defendants still did not seek leave to amend their answer.  On November 11, 2013, Defendants filed a motion for summary judgment.  ECF No. 35. That summary judgment motion did not mention the Settlement Agreement, nor did Defendants seek leave to amend their answer at that time.  It was not until November 6, 2014 -- almost three years after the Settlement Agreement was executed -- that Defendants finally raised the issue in their motion for summary judgment.  See ECF No. 67 ("SJ Mot.").  Even accepting that it would have been improper to move for leave to amend during the stay, Defendants

**United States District Court**
For the Northern District of California

1  waited almost a year and a half after the exhaustion of Dr. Gonda's

2  administrative appeals to raise this issue.

3      TPMG argues that its attorneys did not obtain a copy of the

4  release until August 2014.  Because Defendants filed their motion

5  for summary judgment about two months thereafter, Defendants argue

6  that any delay was not undue.  <u>See</u> Defs. Supp. Br. at 5-6.

7  However, Defendant TPMG <u>was a party</u> to the Settlement Agreement and

8  was therefore aware of it from the date it was executed.  Failure

9  to turn over the agreement to counsel does not excuse the delay.

10 The Court finds that the sheer length of the delay in this case --

11 either three years or one and a half years, depending on when you

12 start counting -- counsels against granting leave to amend.  <u>Cf.</u>

13 <u>Toth v. Glazer</u>, 163 F.R.D. 549, 550 (E.D. Wis. 1995) (two month

14 delay in moving to amend answer supported denial of motion).

15     **B.   <u>Bad Faith</u>**

16     The Life Insurance Company of North America ("LINA") provides

17 long-term disability benefit insurance coverage for the TPMG Plan.

18 As the TPMG Plan's insurer, LINA agreed to provide TPMG and the

19 TPMG Plan with counsel in this case, and so TPMG was represented by

20 different attorneys in Dr. Gonda's wrongful termination action.

21 Defs. Supp. Br. at 2-3.  LINA requested a copy of the Settlement

22 Agreement from TPMG for use in this action in December of 2013

23 (still two years after the agreement's execution).  <u>Id.</u> at 3.  TPMG

24 did not respond.  After LINA followed up with TPMG, TPMG referred

25 LINA to the counsel who represented TPMG in the wrongful

26 termination arbitration.  However, TPMG's attorneys refused to turn

27 over a copy of the Settlement Agreement.  Defendants' attorneys

28 also sought a copy of the agreement from Kaiser Foundation

**United States District Court**
For the Northern District of California

Hospitals ("KFH"), but KFH's attorneys also refused to turn it over.  Id.

In April of 2014, Defendants served a request for production on Dr. Gonda that sought, among other things, a copy of the Settlement Agreement.  That is rather remarkable.  Defendant TPMG was a party to the Settlement Agreement and alleges in its motion for summary judgment that the Settlement Agreement applies to this action.  But TPMG could not obtain a copy of a contract to which it was a party for use in its own defense and was put in the position of requesting that contract from the adverse party.[1]  While that does not necessarily indicate that bad faith caused the delay in raising this defense, it certainly gives the Court pause.  TPMG's inability to obtain its own contract for its own defense casts some doubt on the forthrightness of the release argument.  If the Settlement Agreement was truly intended to cover this litigation, then is difficult to understand why TPMG's attorneys had such difficulty getting a copy.

Dr. Gonda suggests that Defendants are using the Settlement Agreement in a last-ditch effort to avoid adjudication on the merits because a court in this District issued a decision that adversely affected Defendants' chances in this litigation.  See Pl.'s Supp. Br. at 3-4.  However, other than the timing (the decision, Polnicky v. Liberty Life Assurance Co. of Boston, 999 F. Supp. 2d 1144 (N.D. Cal. 2013) was issued November 26, 2013, and Defendants' first attempts to locate a copy of the Settlement

---

[1] TPMG ultimately did not need Dr. Gonda's copy of the Settlement Agreement.  It was finally able to track down one of its own in house attorneys who had a copy on August 19, 2014.  Still, it took TPMG more than nine months to obtain a copy of its own document.

Agreement came on December 11), there is no evidence that that was
Defendants' motive.

The Court finds that this factor weighs in favor of granting
leave to amend.  While the Court has some concerns about
Defendants' inability to obtain a copy of the release, there is no
evidence that Defendants acted in bad faith.

**C.   Futility of Amendment**

This factor weighs in favor of granting Defendants leave to
amend.  The Court cannot say that amendment would be futile, as the
Settlement Agreement does specifically refer to ERISA claims.  This
factor, too, weighs in favor of granting leave to amend.

**D.   Prejudice to Dr. Gonda**

"[T]he consideration of prejudice to the opposing party
carries the greatest weight."  Sonoma Cnty. Ass'n of Retired Emps.
v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting
Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th
Cir.2003)).  The discovery cutoff in this case was December 1, 2014
(three weeks after Defendants filed the instant motion), and cross-
motions for judgment under Rule 52 (in lieu of a trial) are set to
be heard on March 6, 2015.  Dr. Gonda argues that he would be
unduly prejudiced were the Court to permit amendment, because
amendment would either leave Dr. Gonda insufficient time to
investigate Defendants' claims regarding the Settlement Agreement
or require the Court to postpone the hearing date.

Defendants argue that the Settlement "is an integrated
contract subject to legal interpretation by the Court based on its
four corners," and, therefore, that Dr. Gonda will not need to
conduct any discovery.  Defs. Supp. Br. at 9.  The Court is not so

United States District Court
For the Northern District of California

sure; California's rules on explanatory evidence for contracts are rather permissive.  <u>See</u> Cal. Civ. Code § 1647 ("A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates."); <u>see also</u> <u>NavCom Tech.,</u> <u>Inc. v. Oki Elec. Indus. Co.</u>, No. 5:12-CV-04175-EJD, 2014 WL 991102, at *8 (N.D. Cal. Mar. 11, 2014) ("[T]he court can consider the circumstances under which a contract was negotiated, including its object, nature, and subject matter.").  Additionally, the TPMG Plan was not a party to the Settlement Agreement, nor was it named as one of the parties thereby released.  Thus discovery would potentially be warranted into the Settlement Agreement's application to the TPMG Plan.

However, despite Defendants' undue delay, any need to conduct additional discovery at this point is a result of Dr. Gonda's decision not to conduct that discovery before the discovery deadline.  The parties filed a joint case management statement on September 12, 2014, that mentioned Defendants' intention to file a motion for summary judgment on the grounds that the Settlement Agreement bars Dr. Gonda's claims.  ECF No. 57 at 6.  At a case management conference on September 19, the Court set the discovery cutoff date for December 1.  Thus Dr. Gonda had two and a half months to conduct any discovery regarding the Settlement Agreement. He apparently chose not to do so.  If Dr. Gonda needed more time for discovery into this issue, he could have requested it at the conference, but he did not.  Consequently, any prejudice to Dr. Gonda that would be caused by permitting this amendment is a result of his own failure to timely conduct the necessary discovery.

Dr. Gonda also argues that he "spent a lot of money and

United States District Court
For the Northern District of California

devoted a lot of effort to pursuing the internal appeals which, he had been led to believe were for a viable LTD claim.  If this defense is . . . inserted into the case now, then all that was wasted."  See Pl.'s Supp. Br. at 8.  It is not entirely clear what Dr. Gonda means.  Apparently, Dr. Gonda is saying that, had TPMG and the TPMG Plan made clear that they intended to rely on the Settlement Agreement as an affirmative defense in this action, Dr. Gonda would not have pursued his internal appeals with LINA.  That makes little sense for two reasons.  First, the parties agreed that Dr. Gonda's LINA appeals should be concluded before this lawsuit was adjudicated.  See ECF No. 21 at 2-3 (parties stipulated to stay this matter for Dr. Gonda's administrative appeal).  Presumably this case would have been rendered moot had LINA upheld Dr. Gonda's LINA appeal.  It is difficult to understand why Dr. Gonda would not have pursued that appeal had Defendants informed him earlier of their intention to rely upon the Settlement Agreement as an affirmative defense in this case.  Second, LINA is not a party to this lawsuit.  So TPMG and the TPMG Plan's intention to rely on the Settlement Agreement (to which LINA was not a party) in this case (to which LINA is not a party) has no bearing on Dr. Gonda's appeals with LINA.[2]

---

[2] Dr. Gonda inexplicably argues that "[n]either Kaiser nor TPMG is a party to this action.  TPMG was (and is) named solely as a nominal defendant to plaintiff's benefits claim; there appears to be no dispute that LINA is the defendant real party in interest in the case at bench."  ECF No. 71 ("MSJ Opp'n") at 1.  In fact, Defendants do dispute LINA's status as the "real party in interest."  See Defs.' Supp. Br. at 5-6.  Defendants are correct; TPMG is a named defendant in this action and is therefore a party, regardless of Dr. Gonda's intentions.  LINA, by contrast has never been named as a defendant in this case and is therefore not a party.

United States District Court
For the Northern District of California

1    Thus the Court finds that Dr. Gonda will suffer no prejudice
2  as a result of Defendants' proposed amendment that is not of his
3  own making.  Because the prejudice factor carries the most weight,
4  the lack of prejudice to Dr. Gonda convinces the Court that
5  granting leave to amend is appropriate.

6

7  **IV.   <u>CONCLUSION</u>**

8    The Court finds that Defendants unduly delayed in raising the
9  affirmative defense of the Settlement Agreement.  However, there is
10  no evidence of bad faith or futility.  Most importantly, the Court
11  finds that there will be no undue prejudice to Dr. Gonda.  For
12  those reasons, the Court GRANTS Defendants leave to amend their
13  answer to add the affirmative defense that the Settlement Agreement
14  releases Dr. Gonda's claims.  Defendants shall file an amended
15  answer within four (4) days of the signature date of this Order.
16  The Court will defer resolution of Defendants' motion for summary
17  judgment until Defendants have filed the amended pleading (or the
18  four-day deadline passes with no amended pleading filed).

19

20    IT IS SO ORDERED.

21

22    Dated: February 9, 2015

23                                  UNITED STATES DISTRICT JUDGE

24
25
26
27
28