United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS A.GONDA, JR., M.D.,      )  Case No. 13-cv-01063-SC
                                )
            Plaintiff,          )  ORDER DENYING MOTION FOR LEAVE
                                )  TO FILE MOTION FOR
      v.                        )  RECONSIDERATION
                                )
THE PERMANENTE MEDICAL GROUP,   )
INC.; and THE PERMANENTE MEDICAL)
GROUP, INC. LONG TERM DISABILITY)
PLAN FOR PHYSICIANS,            )
                                )
            Defendants.         )
                                )
                                )
                                )
_____)

**I.  INTRODUCTION**

     Now before the Court is Plaintiff Thomas A. Gonda, Jr., M.D.'s
motion for leave to a file a motion for reconsideration.  ECF No.
98 ("Mot.").  The Court finds it appropriate to rule on the motion
without further briefing or a hearing pursuant to Civil Local Rule
7-9(d).  For the reasons set forth below, Dr. Gonda's motion is
DENIED.

**II. LEGAL STANDARD**

     The Civil Local Rules require a party to obtain leave of the

court before moving for reconsideration.  A party seeking reconsideration of an order must show that (1) a material difference in law or fact exists from that which was presented to the Court, and that the party applying for reconsideration could not have known such fact through the exercise of reasonable diligence at the time of the order; (2) new material facts or a change of law occurred after the issuance of the order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.  Civ. L.R. 7-9(b).

"Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).  Federal Rule of Civil Procedure 60(b) permits the Court to relieve a party from an order for several reasons: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief."  Shove v. Ayers, No. C08-2946 RMW (PR), 2009 WL 2605372, at *1 (N.D. Cal. Aug. 25, 2009); see also Fed. R. Civ. P. 60(b).  "To prevail upon a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." Walker v. Carnival Cruise Lines, 107 F. Supp. 2d 1135, 1138 (N.D. Cal. 2000).

///

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   **III.  <u>DISCUSSION</u>**

2      Dr. Gonda seeks reconsideration of the Court's order granting

3   Defendants leave to amend their answer to add an affirmative

4   defense.  <u>See</u> ECF No. 94.  That order permitted Defendants to add

5   an affirmative defense alleging that Dr. Gonda released his claims

6   in this action when he signed a settlement agreement (the

7   "Settlement Agreement") disposing of his wrongful termination

8   lawsuit against Defendant The Permanente Medical Group ("TPMG").

9   The need for Defendants to plead the additional affirmative defense

10   arose when Defendants filed a motion for summary judgment which

11   argued that Dr. Gonda had waived all claims against Defendants by

12   signing the Settlement Agreement.  <u>See</u> ECF Nos. 67 ("Defs. SJ

13   Mot."), 84 (finding that Defendants were required to amend their

14   answer before they could argue the affirmative defense).

15      The Court's order granting leave to amend was premised on a

16   finding that Dr. Gonda would not suffer undue prejudice as a result

17   of Defendants' amendment.  Dr. Gonda had argued that allowing

18   Defendants leave to amend their answer would prejudice him, because

19   the amendment would require the Court either to postpone the

20   hearing on cross motions for judgment or deny Dr. Gonda adequate

21   time to conduct discovery.  The Court found that Dr. Gonda had the

22   opportunity to conduct discovery before the discovery deadline.  In

23   part, the finding of no prejudice was based on Defendants'

24   representation to the Court that Dr. Gonda had failed to timely

25   pursue discovery into the Settlement Agreement and that any need to

26   conduct additional discovery after the discovery deadline would be

27   prejudice of his own making.  Specifically, Defendants argued that

28   "[i]f Gonda needed additional time for discovery, he should have

1   advised the Court in September of 2014 instead of sitting on his

2   hands."  ECF No. 85 ("Defs.' Supp. Br.") at 9.

3        Dr. Gonda argues that the Court failed to consider certain

4   material facts.  Dr. Gonda informed TPMG of his intent to depose

5   its 30(b)(6) deponent regarding the Settlement Agreement on October

6   17, 2014.  ECF No. 69-1 ("Higbee Decl.") ¶ 3.  Then, on November 5,

7   Dr. Gonda served a notice of deposition of TPMG relating to "all

8   communications" regarding the drafting of the Settlement Agreement.

9   See ECF No. 82 ("Defs.' Disc. Br.") at 1.  Dr. Gonda noticed the

10  deposition for November 13, 2014, about two weeks before the close

11  of discovery.

12       None of these facts appear in Dr. Gonda's supplemental brief

13  regarding Defendants' leave to amend their answer.  See ECF No. 91

14  ("Pl.'s Supp. Br.").  They appear in Defendants' counsel's

15  declaration, which was attached to Defendants' motion for a

16  protective order, filed on November 12, 2014.  The Court terminated

17  that motion without prejudice because Magistrate Judge Ryu is

18  handling discovery issues in this case.  See ECF No. 79.  The Civil

19  Local Rules require a party seeking leave to move for

20  reconsideration to show that the Court failed to consider "material

21  facts . . . which were presented to the Court before such

22  interlocutory order."  Civ. L.R. 7-9(b).  It is unclear whether the

23  facts Dr. Gonda cites were "presented to the Court," as they were

24  presented only in a motion that should have been filed before Judge

25  Ryu, and not in any of the papers or exhibits related to the

26  briefing on Defendants' leave to amend or the underlying summary

27  judgment motion.

28       However, Defendant's presentation of the facts in their

United States District Court
For the Northern District of California

supplemental brief was at best disingenuous and misleading and at
worst deliberately dishonest.  The discovery cutoff in this case
was December 1, 2014.  Defendants suggested to the Court that any
need for Dr. Gonda to conduct additional discovery after the
deadline was his own fault because he had been "sitting on his
hands" before the deadline.  See Defs.' Supp. Br. at 9.  The truth
is that Dr. Gonda informed Defendants of his intention to conduct
additional discovery on October 17, about five weeks after
Defendants had informed Dr. Gonda that they intended to file a
motion for summary judgment based on the Settlement Agreement, and
about three weeks before Defendants actually filed that motion.
Dr. Gonda noticed the deposition on November 5, one day before
Defendants filed their motion.  The need to conduct additional late
discovery, therefore was not a result of Dr. Gonda's delay.
Rather, the discovery delay was caused because Defendants refused
to produce a witness for the deposition and instead filed their
motion for a protective order on November 12.  To suggest to the
Court that the delay was of Dr. Gonda's making comes uncomfortably
close to fraud by an adverse party -- one of the reasons for relief
specified in Rule 60(b).[1]

     Under other circumstances, the Court might grant Dr. Gonda's
motion for leave to file a motion for reconsideration.  However,
Defendants' motion for summary judgment is still pending, and

[1] In their motion for a protective order, Defendants also argued
that "Gonda has known of the [Settlement Agreement] for three
years . . . , and he has also possessed the ability to seek
discovery as to this issue for three years."  ECF No. 69 at 1.  Dr.
Gonda would, of course, have had no reason to seek discovery
regarding the Settlement Agreement unless Defendants intended to
rely on it as an affirmative defense.  Dr. Gonda did not know that
Defendants intended to argue that defense until September 12, 2014.

5

**United States District Court**
For the Northern District of California

1   cross-motions for judgment are set to be heard on March 6.

2   Additionally, even were the Court to grant Dr. Gonda's motion for

3   leave to file a motion for reconsideration, the Court would deny

4   the motion for reconsideration.  Accordingly, the Court finds it

5   appropriate to resolve this motion now, so that Defendants' motion

6   for summary judgment may be decided before the March 6 date.

7   Because the facts that Dr. Gonda presents would not alter the

8   Court's ruling on Defendants' leave to amend, the Court DENIES the

9   motion for leave to file a motion for reconsideration.

10          For two reasons, the facts that the Dr. Gonda urges the Court

11   to consider are not "of a strongly convincing nature to induce the

12   Court to reverse its prior decision."  Walker, 107 F. Supp. 2d at

13   1138.  First, the Court has concluded -- for reasons that will be

14   fully explained in the order on Defendants' motion for summary

15   judgment -- that the Settlement Agreement is integrated and its

16   language is unambiguous.  It is not susceptible to any reasonable

17   interpretation that would permit Dr. Gonda's claims.  Accordingly,

18   the evidence that Dr. Gonda seeks through the deposition

19   (communications regarding the "negotiations, drafting, review,

20   analysis, interpretation and/or explanation of any of the terms of

21   the settlement") would not be admissible to contradict the plain

22   language of the Settlement Agreement.  As a result, Dr. Gonda's

23   additional discovery is unnecessary.  In fact, the Court addresses

24   a substantially identical issue in ruling on the summary judgment

25   motion, as one of Dr. Gonda's arguments was that ruling on the

26   summary judgment motion should be postponed until Dr. Gonda could

27   conduct further discovery.

28          Second, "a finding of prejudice is not automatic but dependent

**United States District Court**
For the Northern District of California

1  upon a party's ability to articulate <u>why</u> a late amendment is

2  prejudicial."  <u>Pineida v. Lee</u>, No. 12-CV-01171-JST, 2014 WL

3  2927160, at *3 (N.D. Cal. June 26, 2014) (emphasis in original).

4  "The adverse party's burden of undertaking discovery, standing

5  alone, does not suffice to warrant denial of a motion to amend a

6  pleading."  <u>Id.</u> (quoting <u>U.S. ex rel Maritime Admin. v. Cont'l</u>

7  <u>Illinois Nat'l. Bank & Tr. Co. of Chi.</u>, 889 F.2d 1248, 1255 (2d

8  Cir. 1989)).  Even if additional discovery were necessary in this

9  case, a short postponement of the hearing date to permit Dr. Gonda

10  to conduct a deposition would not constitute undue prejudice.  The

11  parties agreed to stay this case for almost two years during

12  arbitration of Dr. Gonda's wrongful termination action and his

13  administrative appeals.  Dr. Gonda did not give any reason why a

14  short delay to conduct another deposition would unduly prejudice

15  him.

16      Thus the Court finds that, even if it had considered the facts

17  that Dr. Gonda now presents, it would have permitted Defendants

18  leave to amend.  Because Dr. Gonda's "motion for

19  reconsideration . . . would likely be futile if it were permitted,

20  [Dr. Gonda's] motion for leave to file a motion for

21  reconsideration" is denied.  <u>Samet v. Procter & Gamble Co.</u>, No.

22  5:12-CV-1891-PSG, 2014 WL 1782821, at *3 (N.D. Cal. May 5, 2014).

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

United States District Court
For the Northern District of California

**IV. <u>CONCLUSION</u>**

For the reasons set forth above, Dr. Gonda's motion for leave to file a motion for reconsideration is DENIED.  It is not clear to the Court that Dr. Gonda has "cleared the high bar for leave to file a motion for reconsideration."  <u>Samet</u>, 2014 WL 1782821, at *3. Even if he had, consideration of the facts that Dr. Gonda presents would not change the outcome.

IT IS SO ORDERED.

Dated: February 12, 2015



UNITED STATES DISTRICT JUDGE