United States District Court
For the Western District of Washington

1

2

3                    IN THE UNITED STATES DISTRICT COURT

4               FOR THE NOTHERN DISTRICT OF CALIFORNIA

5

6    THOMAS A. GONDA, JR., M.D.,        )  Case No. 3:11-CV-01363 SC
                                        )
7              Plaintiff,               )  ORDER DENYING PLAINTIFF'S
                                        )  MOTION TO ALTER JUDGMENT
8        v.                             )
                                        )
9    THE PERMANENTE MEDICAL GROUP, INC. )
     in its capacity as Plan           )
10   Administrator; THE PERMANENTE      )
     MEDICAL GROUP, INC. LONG TERM      )
11   DISABILITY PLAN FOR PHYSICIANS,    )
                                        )
12                                      )
             Defendants.
13   _____

14

15       Plaintiff filed this action bringing claims under the Employee

16   Retirement Income Security Act of 1974 ("ERISA") and for breach of

17   fiduciary duty.  On February 17, 2015, the Court granted

18   Defendants' motion for summary judgment, finding that Mr. Gonda had

19   waived his ERISA benefits when he signed a settlement agreement in

20   November 2011.  ECF No. 102 ("SJ Order").  Plaintiff now moves the

21   Court to order a new trial or to alter or amend the summary

22   judgment order.  ECF No. 104 ("Mot.").  For the reasons described

23   herein, the Motion is DENIED.

24       "Under Rule 59(e), it is appropriate to alter or amend a

25   judgment if '(1) the district court is presented with newly

26   discovered evidence, (2) the district court committed clear error

27   or made an initial decision that was manifestly unjust, or (3)

28   there is an intervening change in controlling law.'"  United Nat'l

**United States District Court**
For the Western District of Washington

1  <u>Ins. Co. v. Spectrum Worldwide, Inc.</u>, 555 F.3d 772, 779 (9th Cir.

2  2009) (quoting <u>Zimmerman v. City of Oakland</u>, 255 F.3d 734,

3  740 (9th Cir. 2001)).  Here, Plaintiff has not shown that there is

4  newly-discovered evidence, that the Court committed clear error or

5  made an initial decision that was manifestly unjust, or that there

6  was an intervening change in controlling law.

7       Mr. Gonda raises two issues of law that he claims were not

8  fully addressed by the Court: (1) whether defendants waived the

9  affirmative defense of release because the insurer, Life Insurance

10  Company of North America ("LINA"), did not rely on the settlement

11  agreement in denying Mr. Gonda's claim for long term disability

12  benefits during the administrative appeal process (Mot. at 5-7),

13  and (2) whether the settlement agreement encompassed Mr. Gonda's

14  claim for disability benefits under the ERISA plan (<u>Id.</u> at 7-8).

15  Both of these issues were fully litigated (ECF No. 71 ("SJ Opp'n")

16  at 21:17-22:5; 24:24-27; 26:10-12; 25:2-28:6)) and fully addressed

17  in the Court's Order (SJ Order at 7:15-10:17; 11:17-12:15; 20:9-19;

18  21:12-22:19).  None of the arguments set forth in Plaintiff's

19  Motion give the Court cause to doubt its reasoning.  Accordingly,

20  Plaintiff's Motion is DENIED.

21

22       IT IS SO ORDERED.

23

24       Dated:  June GH, 2015                _____

25                                            UNITED STATES DISTRICT JUDGE

26

27

28